UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS ANDERSON,
*individually and as the parent and natural guardian of M.B.A., and A.A., minors*,

    Plaintiff,

v.    Case No: 8:24-cv-2079-KKM-CPT

NARESH KHANNA,

    Defendant.
_____

## ORDER

Plaintiff Douglas Anderson moves to remand this case to the 14th Judicial Circuit in and for Pinellas County, Florida. Am. Mot. to Remand (Doc. 10) (Remand Mot.). For the reasons below, that motion is denied.

### I. BACKGROUND

Anderson filed this action against Naresh Khanna on May 8, 2024, in the 14th Judicial Circuit. Compl. (Doc. 1-1). The basis for the suit is an accident that occurred on April 3, 2023, in Pinellas County, Florida. Compl. ¶¶ 7–13. Anderson alleges that as he and his two children, M.B.A. and A.A., were crossing Gulf Boulevard, Khanna drove his white Kia Sportage into the crosswalk and struck M.B.A. *Id.* ¶¶ 7, 9–11. Anderson and A.A. witnessed the accident. *Id.* ¶ 12. Anderson sues Khanna for negligence on behalf of

himself and his children, *id.* ¶¶ 16–19 (Count I), negligent infliction of emotional distress on his own behalf, *id.* ¶¶ 20–23 (Count II), and negligent infliction of emotional distress on behalf of A.A., *id.* ¶¶ 24–27 (Count III). He seeks greater than $50,001 in damages. *Id.* ¶ 1.

Khanna removed this action to federal court on August 30, 2024, based on diversity of citizenship. *See* Notice of Removal (Doc. 1) ¶ 10; *see also* 28 U.S.C. §§ 1332(a), 1441(a), 1446. Anderson moves to remand on the ground that Khanna has not adequately demonstrated that the amount in controversy is met. Remand Mot. at 2–4.

## II.  LEGAL STANDARD

United States district courts have diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). The removing party must show that the amount in controversy is satisfied by a preponderance of the evidence. *See id.* "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). But "[a] conclusory allegation in the notice of removal" that the amount in controversy is satisfied, "without setting forth

2

the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001).

To evaluate the amount in controversy, a court may look to the documents that the defendant received from the plaintiff along with the removal attachments. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014); *Pretka*, 608 F.3d at 755 ("Defendants may introduce their own affidavits, declarations, or other documentation" to show that the amount in controversy exceeds $75,000). A court may draw reasonable deductions and inferences from these documents using "judicial experience and common sense." *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010).

## III.  ANALYSIS

To prevent remand, Khanna must establish that the amount in controversy exceeds $75,000, providing "specific factual allegations establishing jurisdiction." *Pretka*, 608 F.3d at 754. Khanna has carried his burden.

Khanna points to a pre-suit demand letter sent by Anderson's counsel to Khanna's insurance company. *See* Resp. (Doc. 13) at 3–7; *see Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) ("While [a] settlement offer, by itself, may not be determinative, it counts for something."); *Jones v. Arby's Rest. Grp. Inc.*, No. 8:21-CV-1612-KKM-TGW, 2021 WL 4146474, at *2 (M.D. Fla. Sept. 13, 2021) (finding a demand letter competent evidence of the amount in controversy). That demand letter provides a

detailed account of the accident, M.B.A.'s injuries, and the treatment that M.B.A. received from first responders and two hospitals. *See* (Doc. 1-7) at 3–7. It catalogues M.B.A.'s medical bills, including $41,935.55 in past bills and a projected $1,394 for an orthopedic follow-up appointment, for a total of $43,329.55 in medical bills. *Id.* at 8–9. It also projects at least $280,000 in pain and suffering damages based on Florida jury verdicts in 2016 and 2010 awarding pedestrians $335,000 and $280,000 respectively after being struck by a vehicle in a crosswalk. *Id.* at 9–10.

Contrary to Anderson's assertion that Khanna "fails to provide a detailed breakdown of how these amounts add up to exceed the jurisdictional threshold," Remand Mot. at 3, the letter includes "a careful estimation of [Anderson's] actual and expected damages" based on the accident, M.B.A.'s medical history, and jury verdicts in similar case. *Jones*, 2021 WL 4146474, at *2. And Anderson provides no contrary evidence. The letter thus establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Kirkland*, 243 F.3d at 1281 n.5; *see also Roman v. Wal-Mart Stores E., LP*, No. 620CV2197ORL28GJK, 2021 WL 252423, at *2 (M.D. Fla. Jan. 26, 2021) (concluding that, in the absence of other evidence, a detailed demand letter that did not appear to be puffery showed that the amount in controversy was satisfied by a preponderance of the evidence).

## IV.  CONCLUSION

Khanna has shown by a preponderance of the evidence that the amount in controversy is met.

Accordingly, plaintiff Douglas Anderson's Amended Motion to Remand (Doc. 10) is **DENIED**.

**ORDERED** in Tampa, Florida, on January 10, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge