# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DOUGLAS ANDERSON,
*individually and as the parent and natural*
*guardian of M.B.A., and A.A., minors*,

      Plaintiff,

v.                                      Case No. 8:24-cv-2079-KKM-CPT

NARESH KHANNA,

      Defendant.

_____

## <u>ORDER</u>

Douglas Anderson, individually and as a parent and natural guardian of M.B.A. and A.A., minors, sues Naresh Khanna. Compl. (Doc. 1-1). Anderson alleges that Khanna struck and injured M.B.A. with a car as she, A.A., and Anderson were crossing the street in Pinellas County. *Id.* ¶¶ 7, 9–11. Anderson and A.A. witnessed the accident. *Id.* ¶ 12. The parties have settled and move for approval of that settlement. (Docs. 42 & 45); *see* § 744.387(3)(a), Fla. Stat. ("No settlement after an action has been commenced by or on behalf of a ward shall be effective unless

approved by the court having jurisdiction of the action."). For the below reasons, the motion is granted.

Under Florida law, a proposed settlement must "be for the best interest of the ward." § 744.387(1), Fla. Stat.; *see Wilson v. Griffiths*, 811 So. 2d 709, 712 (Fla. 5th DCA 2002) ("[T]he court must determine whether such a settlement is in the best interest of the minor, which requirement applies to pre-suit settlements as well as to those made after litigation has commenced."). To approve a proposed settlement, a court must "find that the settlement is fair, adequate and reasonable and is not the product of collusion between the parties." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991) (per curiam) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)). The purpose of court approval "is to protect the interests of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." *McLaughlin v. Lara*, 133 So. 3d 1004, 1006 (Fla. 2d DCA 2013).

The parties initially moved for the appointment of a guardian ad litem. (Doc. 38). I denied that motion "[b]ecause M.B.A. 'is represented by a parent who is a party to the lawsuit and who has the same interests as the child,' and no apparent conflict of interest exists between M.B.A. and Anderson, [so] there [was] no need

under Federal Rule of Civil Procedure 17(c) to appoint a guardian ad litem before approving the proposed settlement agreement." (Doc. 39) (quoting *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001)); *see also Burke*, 252 F.3d at 1264 ("[T]he appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure." (quotation omitted))). The parties then moved for settlement approval, (Doc. 42), but their motion failed to detail "M.B.A.'s medical expenses and the final proposed distribution of the settlement proceeds" or "address why the settlement is fair and reasonable as to A.A., as the dismissal of A.A.'s claims appear[ed] to be part of the parties' agreement," (Doc. 44). I ordered the parties to file a supplemental brief addressing those deficiencies. *See id.* They have done so. *See* (Doc. 45).

The parties' proposed settlement is "fair, adequate and reasonable [as to M.B.A.] and is not the product of collusion between the parties." *In re Smith*, 926 F.2d at 1029 (quoting *Cotton*, 559 F.2d at 1330). The settlement resolves all of plaintiffs' claims in exchange for a $150,000 payment to M.B.A. (Doc. 45) at 4. Less $66,137.63 for attorney's fees and costs,[1] the final payment to M.B.A. will be

---

[1] The parties explain that the plaintiffs' attorney "is still waiting to hear back from the listed expert regarding if po[r]tions of the retainer will be returned" and that if any portion of the retainer is returned, it will be paid to M.B.A. (Doc. 45) at 4 n.1.

3

$83,862.37, which includes $6,934.73 for M.B.A.'s outstanding medical bills. *See id.* This is a reasonable settlement in the light of M.B.A.'s injuries: the accident broke her left leg, requiring a closed reduction and a cast, and left her with some abrasions. *Id.* at 3–4. She also suffered "wrist pain, severe left ankle pain, and lower back pain." *Id.* at 3. I find $83,862.37, which covers M.B.A.'s outstanding medical bills, to be fair and adequate compensation for her injuries.

The settlement is also reasonable as to A.A. The parties agree that A.A.'s negligence and negligent infliction of emotional distress claims were unlikely to survive summary judgment. *See id.* at 4–5; *see also* Compl. ¶¶ 16–19, 24–27; (Doc. 31). "A.A. did not suffer physical injuries or emotional injuries as a result of the accident." (Doc. 45) at 5; *see* A.A. Dep. (Doc. 31-3) 14:14–19, 19:2–5, 20:10–27:1, 28:17–25, 30:16–19, 31:4–7. And the collective familial interest in "avoid[ing] additional strain from [this] litigation" supports settlement. (Doc. 45) at 4. Release of A.A.'s claims in exchange for compensation for M.B.A.'s claims and this suit's end is thus in A.A.'s best interests.

Accordingly, the following is **ORDERED**:

1.   The Joint Motion for Approval of Minor Settlement (Docs. 42 & 45) is **GRANTED**. Douglas Anderson may execute releases and all other

documents necessary to conclude the proposed settlement on behalf of M.B.A. and A.A.

2.     In the light of the approved settlement, this action is **DISMISSED** subject to the right of any party within sixty days (1) to submit a stipulated form of final order or (2) to move to vacate the dismissal for good cause.

3.     The Clerk is directed to **TERMINATE** any pending deadlines and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on July 28, 2025.

Kathryn Kimball Mizelle
United States District Judge